RYDER, Judge.
Merritt seeks review of the trial court’s order revoking his probation and sentencing *163 him to prison. He also alleges that the written order of judgment and sentence, as it relates to credit for time served, erroneously differs from the oral sentence imposed by the trial judge.
We affirm the trial court’s order revoking probation and the adjudication of guilt and sentence.
Appellant’s challenge to the trial court’s order of revocation of probation is premised upon the contention that the order is invalid because the state failed to file an affidavit and warrant charging conduct violative of his probation prior to the hearing during which the appellant’s probation was revoked. An examination of the record reveals that an affidavit and warrant charging acts violative of the terms of probation were filed in September of 1980. The affidavit and warrant alleged that appellant had violated condition (5) of his probation inasmuch as he had been arrested and charged with a misdemeanor offense of possession of marijuana and a felony offense of burglary.
On November 3, 1980, an evidentiary hearing, pursuant to the warrant, was conducted during which the state conceded that it was not prepared to prove up the felony offense as grounds for revoking Merritt’s probation. At the conclusion of the hearing, the trial judge determined that he would not revoke Merritt’s probation on the relatively minor marijuana charge. The judge reinstated appellant’s probation, but added that such reinstatement was effective only until such time as the state’s proceedings regarding the felony charge had been concluded.
Based upon the September 19, 1980 affidavit and warrant, a second revocation of probation hearing was conducted on February 16, 1981. The transcript of that hearing reveals that during the interim, appellant had been convicted of the felony burglary offense. Accordingly, and based upon Merritt’s felony conviction, the trial judge revoked appellant’s probation.
We affirm the February 16, 1981 order revoking Merritt’s probation and reject his argument that the order is defective because it was not issued pursuant to a valid affidavit and warrant charging him with a violation of his probation. We hold that on November 3, 1980 the judge reserved ruling on the charge of violation of probation as it related to the burglary charge, thereby preserving the effectiveness of the September 19, 1980 affidavit and warrant. Hence, it was not incumbent upon the state to have filed a second affidavit and warrant prior to conducting the February 16, 1981 hearing.
We turn now to Merritt’s second point on appeal relating to the allegation that he did not receive the proper amount of credit for time served when the written judgment and sentence was entered. The trial judge believed Merritt was entitled to 158 days credit. Apparently, another judge gave him credit for 972 days, and Merritt contends he is entitled to 1,253 days credit. From the record on appeal, we cannot determine the correct amount of entitlement. Thus, we remand for a hearing to determine the correct number of days credit due and for an order so stating.
AFFIRMED and REMANDED with instructions.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.